# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-55V
(not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
RYAN HORTON *and* KARIN
JONCH-CLASEN *as the parents of* L.E.H.,

Petitioners,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Special Master Corcoran

Filed: January 25, 2018

Decision by Stipulation; Damages;
Hepatitis A ("Hep A") Vaccine; Hepatitis
B ("Hep B") Vaccine; Allergic Reaction.

*Andrew Mark Krueger*, Krueger & Hernandez, Middleton, WI, for Petitioners.

*Alexis B Babcock*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On January 13, 2017, Ryan Horton and Karin Jonch-Clasen filed a petition of behalf of their minor child, L.E.H., seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioners allege that L.E.H. suffered from an allergic reaction, as a result of receiving the Hepatitis A and Hepatitis B vaccines on May 12, 2015, and November

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

25, 2015, respectively. Petitioners further allege that L.E.H. has experienced the residual effects of this condition for more than six months.

Respondent denies that the vaccines caused L.E.H.'s allergic reaction or any other injury. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed on January 25, 2018) that the issues before them could be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $45,000.00 in the form of a check payable to Petitioners.

Stipulation ¶ 8. This amount represents compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RYAN HORTON AND KARIN JONCH-CLAUSEN, As the Parents of L.E.H., <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 17-55V <br> Special Master Corcoran <br> ECF |

### STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their son, L.E.H., Ryan Horton and Karin Jonch-Clausen ("petitioners") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to L.E.H.'s receipt of Hepatitis A ("Hep A") and Hepatitis B ("Hep B") vaccines, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. L.E.H. received a Hep B vaccination on May 12, 2015, and a Hep A vaccination on November 25, 2015.

3. The vaccines were administered within the United States.

4. Petitioners allege that L.E.H. sustained an allergic reaction that was caused-in-fact by the Hep B and Hep A vaccines. Petitioners further allege that L.E.H. experienced the residual effects of his injury for more than six months.

1

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages as a result of L.E.H.'s injury.

6. Respondent denies that L.E.H.'s alleged allergic reaction was caused-in-fact by his Hep B or Hep A vaccines. Respondent further denies that the vaccines caused L.E.H. any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$45,000.00** in the form of a check payable to petitioners as guardians/conservators of L.E.H.s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

2

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of JI as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of L.E.H.'s estate under the laws of the State of Wisconsin. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of L.E.H.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of L.E.H. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of L.E.H. upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacity and as legal representatives of L.E.H., on their own, and on behalf of L.E.H., and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments,

claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of L.E.H. resulting from, or alleged to have resulted from, the Hep B and Hep A vaccination administered on May 12, 2015 and November 25, 2015, as alleged by petitioners in their petition for vaccine compensation filed on January 13, 2017, in the United States Court of Federal Claims as petition No. 17-55V.

15. If L.E.H. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

4

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Hep B or Hep A vaccines caused L.E.H. to suffer an allergic reaction or any other injury or his current condition.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of L.E.H.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

PETITIONERS:

*[signature]*  
RYAN HORTON

*[signature]*  
KARIN JONCH-CLAUSEN

ATTORNEY OF RECORD FOR PETITIONER:

*[signature]*  
ANDREW M. KRUEGER  
Attorney for Petitioner  
Krueger & Hernandez, S.C.  
8215 Greenway Boulevard  
Suite 590  
Middleton, WI 53562  
608-824-9540

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*  
CATHARINE E. REEVES  
Deputy Director  
Torts Branch  
Civil Division  
U.S. Department of Justice  
P.O. Box 146  
Benjamin Franklin Station  
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*[signature]*  
NARAYAN NAIR, MD  
Director, Division of Injury  
Compensation Programs (DICP)  
Healthcare Systems Bureau  
U.S. Department of Health  
and Human Services  
5600 Fishers Lane  
Parklawn Building, Mail Stop 08N146B  
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*[signature]*  
ALEXIS B. BABCOCK  
Assistant Director  
Torts Branch  
Civil Division  
U.S. Department of Justice  
P.O. Box 146  
Benjamin Franklin Station  
Washington, DC 20044-0146  
(202) 616-7678

Dated: 1/25/18