# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-055V
(not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

RYAN HORTON *and* KARIN JONCH-CLAUSEN, *as the parents of* L.E.H.,

        Petitioners,

        v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

        Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Special Master Corcoran

Filed: October 23, 2018

Final Attorney's Fees and Costs.

*Andrew Mark Krueger,* Krueger & Hernandez, Middleton, WI, for Petitioners.

*Alexis B. Babcock,* U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On January 13, 2017, Ryan Horton and Karin Jonch-Clausen filed a petition on behalf of their minor child, L.E.H., seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioners alleged that L.E.H. suffered from an allergic reaction as a result of receiving the Hepatitis A and Hepatitis B vaccines on May 12, 2015, and November 25, 2015, respectively. *See* Petition at 1, filed Jan. 13, 2017 (ECF No. 1). The parties

---

[1] This Decision has been formally designated "to be published," and will be be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

ultimately agreed that the issues before them could be informally resolved and submitted a stipulation for damages on January 25, 2018, which I adopted by decision that same day (ECF Nos. 25-26).

Petitioners have now filed a motion requesting final attorney's fees and costs. *See* Motion for Attorney's Fees, October 9, 2018 (ECF No. 31) ("Fees App.").[3] Petitioners request reimbursement of attorney's fees and costs in the total amount of $13,159.84 (representing $12,471.30 in attorney's fees, plus $688.54 in costs). *Id.* at 4.[4] In accordance with General Order No. 9, Petitioners indicated that their only expense was the $400 filing fee. *See* General Order No. 9, dated Oct. 15, 2018 (ECF No. 32). Respondent filed a document reacting to the fees request on October 19, 2018, stating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 33 at 2-3. Thereafter, on October 22, 2018, Petitioner filed a reply affirming that he fully relies on the facts, law, and arguments set forth in his fee application (ECF No. 24).

Vaccine Program attorneys are entitled to a fees award in successful cases. Determining the appropriate <u>amount</u> of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[5] on the litigation

---

[3] Vaccine Rule 13(a) provides that any request for attorney's fees and costs must be made no later than 180 days after the entry of judgement—here, by approximately August 15, 2018. Concurrent with their broad discretion to determine the reasonableness of a fees award, however, special masters retain the discretion to consider untimely fees motions. *See, e.g.*, *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030 (Fed. Cl. Spec. Mstr. June 18, 2008) (awarding fees despite untimely request filed one month later).

In the present matter, I note that counsel filed his fee application on October 9, 2018 (almost two months late). However, counsel informed me prior to the fees request deadline that he was still working to obtain a guardianship in connection with the matter, and would file the application once it was finalized. *See* Fees App. at 10-11 (noting billing entries pertaining to guardianship work conducted from August through October 2018). In light of the above, I do not find it unreasonable to consider Petitioners' request for fees and costs in this case, despite its facial untimely character.

[4] Counsel voluntarily reduced his requested fee award by $6,678.00. Fees App. at 4. According to counsel, he was awarded $6,678.00 to establish a guardianship in a *separate* Program case before Special Master Roth. *Id.*; *see Bojan v. Sec'y of Health & Human Servs.*, No. 15-91, 2016 WL 5819208 (Fed. Cl. Spec. Mstr. Aug. 30, 2016). Counsel states that he was unable to establish a guardianship in the *Bojan* case as the petitioner never followed through with establishment (and later turned eighteen), rendering the guardianship unnecessary. *Id.* The reduction therefore represents the unused amount awarded to counsel in *Bojan*. Though I appreciate counsel's desire to account for unused fees in a previous matter, I find that it is appropriate to consider only the amount of fees ultimately requested herein ($13,159.84). Thus, I will not increase or decrease counsel's award based on his voluntary reduction, but will only consider the sum requested, and any modifications relevant to <u>this</u> <u>action</u>.

[5] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule,"

times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera,* 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioners ask that counsel, his associates, and one paralegal be reimbursed at varying rates for work performed from 2016-2018. Petitioners request $200 per hour for Mr. Andrew Krueger's work completed in 2016-2018. *See* Fees App. at 4, 11. In addition, Petitioner requests $363 per hour for work completed by attorney Mr. Mark Krueger in 2016, with an increase to $376 in 2017. *Id.* They also request $200 per hour for the work of two additional attorneys, Mr. Jesse Leichsenring and Ms. Stephanie Schmidt, completed in 2018 (and billed at Mr. Andrew Krueger's rate). *Id.* Finally, Petitioners request $140 per hour for one paralegal for work completed in 2016-2018. *Id.*

It has been determined in the Program that the Krueger Firm is entitled to forum rates. *See Rivera v. Sec'y of Health & Human Servs.*, No. 15-487V, 2017 WL 2460690 (Fed. Cl. Spec. Mstr. Apr. 20, 2017); *see also Baker v. Sec'y of Health & Human Servs.*, No. 16-375V, 2018 WL 945854 (Fed. Cl. Spec. Mstr. Jan. 24, 2018); *Howard v. Sec'y of Health & Human Servs.*, No. 16-299V, 2017 WL 3623703 (Fed. Cl. Spec. Mstr. July 18, 2017); *Herrera v. Sec'y of Health & Human Servs.*, No. 15-651V, 2017 WL 1459002 (Fed. Cl. Spec. Mstr. Mar. 29, 2017). The hourly rates awarded to both counsel and staff in the above decisions are the same as those requested herein, and I will likewise award them. Moreover, the rates requested for 2018 (pertaining to Mr. Andrew Kruger and his paralegal) are the same as those previously awarded to counsel in 2017. Thus, I find counsel's 2018 rates to be reasonable and will award them without reduction.

---

which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 205-06 (2009). This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983).

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Upon my review of the billing record, the hours expended on this matter by counsel appear to be reasonable, and Respondent did not identify any entries as objectionable. Thus, I will reimburse counsel in full for his work on this matter.

Petitioners also request that counsel be reimbursed for $688.54 in costs (representing medical records requests, copy and postage charges, and mileage costs). Fees App. at 13-14. According to the fee application, Petitioners also request $400.00 in costs personally incurred (representing the filing fee). *Id.* at 5. The requested litigation costs will be awarded in full.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of final fee and cost awards, and based on the foregoing, I **GRANT** Petitioners' Motion for Attorney's Fees and Costs. I therefore award a total of **$13,159.84** in final fees and costs as a lump sum in the form of a check jointly payable to Petitioners and Petitioners' counsel, Mr. Andrew Krueger, Esq. I also award **$400.00** in the form of a check payable to Petitioners, Ryan Horton and Karin Jonch-Clausen, for personal expenses incurred. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.